IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| JOHNIE EMERY MAXEY, SR. § | |
| § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:16-cv-79 |
| § | |
| HARTFORD INSURANCE COMPANY § | |
| OF THE MIDWEST § | |

**DEFENDANT HARTFORD INSURANCE COMPANY OF THE MIDWEST'S
NOTICE OF REMOVAL**

Hartford Insurance Company of the Midwest files this Notice of Removal of the above-described action to the United States District Court for the Southern District of Texas, Galveston Division from the County Court at Law No. 3 of Galveston County, Texas, where the action is now pending, as provided by 28 U.S.C. 1332, 1441, and 1446. In support thereof, there is complete diversity of the parties and the amount in controversy exceeds $75,000.00.

### INTRODUCTION

Hartford Insurance Company of the Midwest is an insurance company organized under Indiana law and maintains its principle place of business in Connecticut.

Hartford issued a Texas Personal Auto Policy No. 55DFA881241 with effective dates from December 19, 2014 to December 19, 2015 to Johnnie Maxey.

Plaintiff Johnie Emery Maxey, Sr. alleges that on or about July 3, 2015, he was involved in an automobile accident that caused damage to a vehicle insured under the Hartford Policy. Plaintiff claims that Hartford has wrongfully denied his claim that the vehicle is a total loss as a result of the accident and instead, Hartford has improperly only

offered to pay for repairs to the vehicle. Plaintiff claims that Hartford continues to improperly delay payment for the total loss of the vehicle. Plaintiff further alleges that Hartford has "failed to provide Plaintiff's request for any and all appraisals for the total loss of the property."

Based on the foregoing allegations, Plaintiff has asserted claims against Hartford for breach of contract, noncompliance with the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, fraud, and breach of the common law duty of good faith and fair dealing. Plaintiff also contends that Hartford committed the alleged actionable conduct "knowingly" as that term is defined in the Texas Insurance Code and accordingly, that Plaintiff is entitled to treble damages, attorney's fees, and contractual damages.

## BASIS OF REMOVAL

Plaintiff's state-court petition and other papers reflect that the amount in controversy exceeds $75,000.00. Further, the lawsuit involves a controversy which is between citizens of different states. As noted, Hartford is organized under Indiana law, and its principle office is in Connecticut. Plaintiff Johnie Emery Maxey, Sr. is admittedly a resident of Galveston County, Texas.

Because this action is between citizens of different states, and because the amount in controversy exceeds the value or sum of $75,000.00, exclusive of interest and costs, this Court has original diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as a district or division embracing the place where the state action is pending. *See* 28 U.S.C. § 124(b)(7).

As reflected in the supporting documents, the time within which Defendant is required to file this Notice of Removal in order to remove this cause to the Court has not yet expired. Additionally, Hartford will promptly file a copy of this Notice of Removal with the Clerk of Galveston County, where the action is currently pending, and serve all adverse parties pursuant to 28 U.S.C. § 1446(d).

This Notice of Removal is supported by the following documents:

Exhibit A:    Index of Documents Filed;

Exhibit B:    List of All Counsel of Record; and

Exhibit C:    Certified file from the Galveston County Clerk, containing the civil docket sheet, all signed orders, executed process, and each document filed in the state court action, including Plaintiff's Original Petition and Defendant's Original Answer.

## CONCLUSION

Pursuant to 28 U.S.C. § 1446, Hartford Insurance Company of the Midwest removes the case styled Cause No. CV-0075791, *Johnie Emery Maxie, Sr. v. Hartford Insurance Company of the Midwest*, from County Court at Law No. 3 of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division, on this 29th day of March, 2016.

        Respectfully submitted,

        CHAMBERLAIN, HRDLICKA, WHITE,
        WILLIAMS & AUGHTRY

        By:   */S/ Christine Kirchner*___
             Christine Kirchner (Attorney-in-Charge)
             State Bar No. 00784403
             Federal Bar No. 15255
             christine.kirchner@chamberlainlaw.com
             1200 Smith Street, Suite 1400
             Houston, Texas 77002
             Phone: (713) 658-1818
             Fax: (713) 658-2553

        **COUNSEL FOR DEFENDANT**

OF COUNSEL:

Justin E. VandenBout
State Bar No. 24060765
Federal Bar No. 912644
justin.vandenbout@chamberlainlaw.com
CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY
1200 Smith Street, Suite 1400
Houston, Texas 77002
Phone: (713) 658-1818
Fax: (713) 658-2553

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following counsel of record in accordance with the District's ECF service rules and the Federal Rules of Civil Procedure on this 29th day of March, 2016, as follows:

Douglas T. Godinich
Attorney at Law
2127 Broadway
Galveston, Texas 77550
Tel: (409) 763-2454
Fax: (409) 763-4309

*/s/ Justin VandenBout*
Justin E. VandenBout

2108295_1