IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

JOHNIE EMERY MAXEY, SR.                    §
                                           §
                                           §
v.                                         §
                                           §        CIVIL ACTION NO. 3:16-cv-79
                                           §
HARTFORD INSURANCE COMPANY                 §
OF THE MIDWEST                             §

**<u>EXHIBIT C</u>**

**<u>CERTIFIED FILE FROM GALVESTON COUNTY CLERK</u>**

COUNTY COURT AT LAW NO 3
# CASE SUMMARY
## CASE NO. CV-0075791

| | | | |
|---|---|---|---|
| Johnie Emery Maxey, SR | § | Location: | **County Court at Law No. 3** |
| | § | Judicial Officer: | **Ewing, Jack** |
| vs. | § | Filed on: | **02/17/2016** |
| | § | | |
| Hartford Insurance Company of the Midwest | § | | |

---

### CASE INFORMATION

Case Type: **Contract - Other**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**

| | |
|---|---|
| Case Number | CV-0075791 |
| Court | County Court at Law No. 3 |
| Date Assigned | 02/17/2016 |
| Judicial Officer | Ewing, Jack |

---

### PARTY INFORMATION

| | | *Lead Attorneys* |
|---|---|---|
| **Plaintiff** | **Maxey, Johnie Emery, Sr.** | **Godinich, Doug T** |
| | | *Retained* |
| | | 409-763-2454(W) |
| | | |
| **Defendant** | **Hartford Insurance Company of the Midwest** | |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 02/17/2016 | Original Petition (OCA)<br>Party: Plaintiff Maxey, Johnie Emery, Sr.<br>Attorney: Attorney Godinich, Doug T | |
| 02/17/2016 | Case Cover Sheet<br>Party: Plaintiff Maxey, Johnie Emery, Sr.<br>Attorney: Attorney Godinich, Doug T | |
| 02/17/2016 | Status Conference | |
| 02/17/2016 | Clerk's Note<br>*Citation issuance fee has not been paid.* | |
| 02/24/2016 | Request<br>Party: Plaintiff Maxey, Johnie Emery, Sr.<br>Attorney: Attorney Godinich, Doug T | |
| 02/25/2016 | **Citation - Service**<br>Hartford Insurance Company of the Midwest<br>Served: 03/02/2016 2:10 PM<br>Anticipated Server: Private Process Server<br>Anticipated Method: In Person<br>Actual Server: Private Process Server<br>Return Date/Time: 03/16/2016 11:03 AM<br>Serving Method: In Person<br>*In Misc. Folder for Pick Up* | |
| 06/23/2016 | **Status Conference** (1:30 PM) (Judicial Officer: Ewing, Jack) | |

# CASE SUMMARY
## CASE NO. CV-0075791

| DATE | FINANCIAL INFORMATION |
| --- | --- |

**Plaintiff** Maxey, Johnie Emery, Sr.

| | |
| --- | --- |
| Total Charges | 262.00 |
| Total Payments and Credits | 262.00 |
| **Balance Due as of 3/28/2016** | **0.00** |

*Printed on 03/28/2016 at 9:32 AM*

Filed
2/17/2016 9:55:36 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

NO. _____ CV-0075791 _____

| | | |
|---|---|---|
| **JOHNIE EMERY MAXEY, SR.** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **V.** | § | **AT LAW NO. _____** |
| | § | Galveston County - County Court at Law No. 3 |
| **HARTFORD INSURANCE** | § | |
| **COMPANY OF THE MIDWEST** | § | **OF GALVESTON COUNTY, TEXAS** |

### PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

     **NOW COME** Johnie Emery Maxey, Sr., hereinafter called Plaintiff, complaining of and about Hartford Insurance Company of the Midwest, hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.    Plaintiff, Johnie Emery Maxey, Sr., is an individual and a Galveston County resident.

3.    Defendant Hartford Insurance Company of the Midwest, is an insurance company engaging in the business of insurance in the State of Texas. The defendant may be served with personal process, by a process server, by serving its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136

4.    Service of said Defendant as described above can be effected by personal delivery.

### JURISDICTION AND VENUE

5.    The Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

6.    This court has jurisdiction over Defendant Hartford Insurance Company of the Midwest,

1

---

STATE OF TEXAS                      CERTIFIED COPY CERTIFICATE
COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.

DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas



By _____ Deputy
                 Amanda Chatterton

because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Hartford Insurance Company of the Midwest will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7.     Plaintiff would show that Defendant Hartford Insurance Company of the Midwest had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

8.     Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Hartford Insurance Company of the Midwest to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

9.     Furthermore, Plaintiff would show that Defendant Hartford Insurance Company of the Midwest engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant committed a tort in whole or in part in Texas.

10.     Venue in Galveston County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTS

11.     Plaintiff is the owner of a Texas Auto Insurance Policy (hereafter referred to as "the Policy"), which was issued by Hartford Insurance Company of the Midwest.

12.     Plaintiff owns a 2013 Cadillac XTS with VIN number 2G61P5S35D9105815 the insured property, which is in the custody care and control of A.A. Custom Paint & Body located at 2101

2

STATE OF TEXAS                          CERTIFIED COPY CERTIFICATE
COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.                                    DWIGHT D. SULLIVAN, County Clerk
                                                                       Galveston County, Texas



                                                                By _____ Deputy
                                                                       Amanda Chatterton

45th Street, Galveston, Texas 77550 (hereinafter referred to as "the Property").

13.     Hartford Insurance Company of the Midwest sold the Policy insuring the Property to Plaintiff.

14.     On or about July 3, 2015, in the early morning hours plaintiff was involved in an auto accident, causing severe damage to his car. Plaintiff was taken from the scene by ambulance complaining of chest pain. Plaintiff's property was towed by Ace of Galveston to a storage lot located at 4328 Winnie in Galveston Texas. Based on information and belief the property was removed from the storage lot by B&P Auto Recovery Services, Inc., and taken to Copart Salvage Auto Auctions. Plaintiff was told by an employee, agent or servant of Hartford that the property would be considered a total loss and Hartford would process the claim.

15.     Plaintiff waited for approximately two months with the understanding that the property was a total loss. Then an employee, agent or servant of Hartford after waiting for two months communicated with the Plaintiff that the property was going to be repaired.

16.     As detailed in the paragraphs below, Hartford wrongfully denied Plaintiff's claim to pay the amount for the total loss of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Hartford failed to provide Plaintiff's request for any and all appraisals for the total loss of the property.

17.     To date, Hartford continues to delay in the payment for the total loss to the property. As such, Plaintiff has not been paid in full for the total loss of his vehicle.

18.     Defendant Hartford failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the total loss of the property, and all conditions precedent to recovery upon the Policy had been

3

STATE OF TEXAS                          CERTIFIED COPY CERTIFICATE
COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
          Amanda Chatterton

carried out and accomplished by Plaintiff. Hartford's conduct constitutes a breach of the insurance contract between Hartford and Plaintiff.

19.     Defendant Hartford Insurance misrepresented to Plaintiff that the damage to the Property caused the property to be a total loss, even though the total loss was caused by a covered occurrence. Defendant Hartford Insurance's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex.Ins.Code §541.060(a)(1).

20.     Defendant Hartford failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Hartford's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex.Ins.Code §541.060(a)(2)(A).

21.     Defendant Hartford failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Hartford failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant Hartford did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Hartford's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex.Ins.Code §541.060(a)(3).

22.     Defendant Hartford failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant Hartford. Defendant Hartford's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex.Ins.Code §541.060(a)(4).

23.     Defendant Hartford refused to fully compensate Plaintiff, under the terms of the Policy,

4

STATE OF TEXAS
COUNTY OF GALVESTON

CERTIFIED COPY CERTIFICATE

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
        Amanda Chatterton

even though Defendant Hartford failed to conduct a reasonable investigation.

24.    Specifically, Defendant Hartford performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's loss of the Property. Defendant Hartford's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex.Ins.Code §541.060(a)(7).

25.    Defendant Hartford failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex.Ins.Code §542.055.

26.    Defendant Hartford failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Hartford's conduct constitutes a violation of the Texas Insurance Code. Prompt Payment of Claims. Tex.Ins.Code §542.056.

27.    Defendant Hartford failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim. Hartford's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex.Ins.Code §542.058.

28.    From and after the time Plaintiff's claim was presented to Defendant Hartford, the liability of Hartford to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Hartford has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Hartford's conduct constitutes a breach of the common law duty of good faith and fair

5

STATE OF TEXAS           CERTIFIED COPY CERTIFICATE
COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy

Amanda Chatterton

dealing.

29.     Defendant Hartford knowingly or recklessly made false representations, as described above, as a material facts and/or knowingly concealed all or some material information from Plaintiff.

30.     Subsequent to Plaintiff making the Claim, Defendant Hartford assigned its employees, agents, and or ostensible agents, to work on Plaintiffs' Claim. All employees, agents, and or ostensible agents failed to comply with the Policy, the Texas Insurance Code, and Texas law in handling Plaintiffs' claim as outlined above.

31.     As a result of Defendant Hartford's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing him with respect to these causes of action.

32.     Plaintiff's experience is not an isolated case. The acts and omissions Hartford committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Hartford with regard to handling these type of claims. Hartford's process is unfairly designed to reach favorable outcomes for the company at the expense of the policy holders.

### CAUSES OF ACTION:

#### Causes of Action Against Defendant Hartford Insurance

33.     Defendant Hartford is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

#### Breach of Contract

34.     Defendant Hartford's conduct constitutes a breach of the insurance contract made

6

---

STATE OF TEXAS                    CERTIFIED COPY CERTIFICATE
COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
        Amanda Chatterton

between Hartford and Plaintiff.

35. Defendant Hartford's failure and/or refusal, as described above, to pay adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Hartford's insurance contract with Plaintiff.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES AGAINST HARTFORD INSURANCE

36. Defendant Hartford's conduct constitutes multiple violation of the Texas Insurance Code, Unfair Settlement Practices. Tex.Ins.Code §541.060(a). All violations under this article are made actionable by Tex.Ins.Code §541.151.

37. Defendant Hartford's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(a)(1).

38. Defendant Hartford's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Hartford's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(a)(2)(A).

39. Defendant Hartford's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(a)(3).

7

---

STATE OF TEXAS
COUNTY OF GALVESTON

CERTIFIED COPY CERTIFICATE

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
        Amanda Chatterton

40.    Defendant Hartford's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(a)(4).

41.    Defendant Hartford's unfair settlement practice, as described above, of refusing to pay Plaintiff claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex.Ins.Code §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

42.    Defendant Hartford's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex.Ins.Code §542.060.

43.    Defendant Hartford's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of Tex.Ins.Code §542.055.

43.    Defendant Hartford's failure to notify Plaintiff in writing of its acceptance or rejections of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. Tex.Ins.Code §542.056.

44.    Defendant Hartford's delay of the payment of Plaintiff's claim following its receipt of all estimate items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-payment of the claim Tex.Ins.Code

8

---

STATE OF TEXAS                          CERTIFIED COPY CERTIFICATE
COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
                    Amanda Chatterton

§542.058.

### CLAIM FOR VIOLATIONS OF THE
### TEXAS DECEPTIVE TRADE PRACTICES ACT

45.    Defendant Hartford's conduct violated the Texas Deceptive Trade Practices Act,

Tex.Bus. & Com Code §17.41, et seq ("D.T.P.A.") by engaging in "false, misleading or

deceptive acts and practices."

46    Plaintiff is a "consumer" in that Plaintiff acquired goods and/or services by purchase, and

the good or services form the basis of this action.

47.    Defendant Hartford committed numerous violations of the D.T.P.A., insofar as

Defendant:

       a.) Represented that goods or services have sponsorship, approval, characteristics,

       ingredients, uses, benefits, or quantities which they do not have;

       b.) Represented that an agreement confers or involves rights, remedies, or

       obligations which it does not have or involve, or which are prohibited by law;

       c.) Failed to disclose information concerning goods or services which was known

       at the time of the transaction when such failure to disclose such information was

       intended to induce the consumer into a transaction into which the consumer would

       not have entered had the information been disclosed.

### BREACH OF THE GOOD FAITH AND FAIR DEALING

48.    Defendant Hartford's conduct constitutes a breach of the common law duty of good faith

and fair dealing owed to insureds in insurance contract.

49.    Defendant Hartford's failure, as described above, to adequately and reasonably

investigate and evaluate Plaintiff's claim, although, at the time, Hartford knew or should have

9

---

STATE OF TEXAS
COUNTY OF GALVESTON

### CERTIFIED COPY CERTIFICATE

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.

DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy

Amanda Chatterton



known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a

breach of the duty of good faith and fair dealing.

### FRAUD

50.     Defendant Hartford is liable to Plaintiff for common law fraud.

51.     Each and every one of the representations, as described above, concerned material

facts for the reason that absent such representations, Plaintiff would not have acted as they have

done, and which Defendant Hartford knew were false or made recklessly without any knowledge

of their truth as positive assertions.

52.     The statements were made with the intention that they should be acted upon by Plaintiff,

who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and

constituting common law fraud.

### KNOWLEDGE

53.     Each of the acts described above, together and singularly, was done "knowingly,'

as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's

damages described herein.

### DAMAGES

54.     Plaintiff would show that all of the aforementioned acts, taken together or

singularly constitute the producing causes of the damages sustained by the Plaintiff.

55.     As previously mentioned, the damages caused by the accident have not been properly

addressed, causing undue hardship and burden to Plaintiff. These damages are a direct result of

Defendant Hartford's  mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is

the amount of their claim, together with attorney's fees.

10

STATE OF TEXAS                        CERTIFIED COPY CERTIFICATE
COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is
recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.                                      DWIGHT D. SULLIVAN, County Clerk
                                                                        Galveston County, Texas



                                                        By _____ Deputy
                                                                        Amanda Chatterton

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court cost, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times their actual damages. Tex.Ins.Code §541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. Tex.Ins.Code §542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

60.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

61.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### JURY DEMAND

62.     Plaintiff hereby requests that all causes of action alleged herein be tried before a

11

---

STATE OF TEXAS
COUNTY OF GALVESTON

CERTIFIED COPY CERTIFICATE

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
        Amanda Chatterton

jury consisting of citizens residing in Galveston County, Texas. Plaintiff hereby tenders the

appropriate jury fee.

### WRITTEN DISCOVERY

63.    Plaintiff Request for Disclosure pursuant to 194 within 50 days of service of said

Petition.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Johnie Emery Maxey, Sr., respectfully

pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the

cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages

in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at

the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and

such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: /s/ Douglas T. Godinich
Douglas T. Godinich
State Bar No. 24007244
2127 Broadway
Galveston, Texas 77550
Tel: (409) 763-2454
Fax: (409) 763-4309
Attorney for Plaintiff

12

STATE OF TEXAS
COUNTY OF GALVESTON

CERTIFIED COPY CERTIFICATE

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
          Amanda Chatterton

Galveston County - County Court at Law No. 3

## CIVIL CASE INFORMATION SHEET
CV-0075791

Filed
2/17/2016 9:55:36 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED JOHNIE EMERY MAXEY, SR., V. HARTFORD INSURANCE COMPANY OF THE MIDWEST
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: Douglas T. Godinich  Email: dtglaw1@aol.com | Plaintiff(s)/Petitioner(s): Johnie Emery Maxey, Sr. | ☒Attorney for Plaintiff/Petitioner ☐Pro Se Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| Address: 2127 Broadway  Telephone: 409-763-2454 | _____ _____ | Additional Parties in Child Support Case: |
| City/State/Zip: Galveston, Texas  Fax: 409-763-4309 | Defendant(s)/Respondent(s): Hartford Insurance Company of the Midwest | Custodial Parent: _____ Non-Custodial Parent: _____ |
| Signature: /s/ Douglas Godinich  State Bar No: 24007244 | _____ _____ [Attach additional page as necessary to list all parties] | Presumed Father: _____ |

## 2. Indicate case type, or identify the most important issue in the case (select only 1):

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☒Consumer/DTPA ☐Debt/Contract ☒Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☒Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Paternity/Parentage ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |
| **Tax** | *Probate/Wills/Intestate Administration* | | **Probate & Mental Health** | |
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: | |

## 3. Indicate procedure or remedy, if applicable (may select more than 1):

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☒Protective Order ☐Receiver ☐Sequestration ☒Temporary Restraining Order/Injunction ☐Turnover |

## 4. Indicate damages sought (do not select if it is a family law case):

---

STATE OF TEXAS
COUNTY OF GALVESTON

### CERTIFIED COPY CERTIFICATE

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.

DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By  _____ Deputy
Amanda Chatterton

☒ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

STATE OF TEXAS                          CERTIFIED COPY CERTIFICATE
COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is
recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
                Amanda Chatterton

County Court at Law No. 3 of Galveston County, Texas



Case Information Statement

February 17, 2016

The case information statement is for administrative purposes only. It shall be filed with the parties' original pleadings and shall be served upon all other parties to the action.

*************************************************************************************

Style:

**Johnie Emery Maxey, Sr.**                    **Cause No. CV-0075791  Filed 02/17/16**

**vs.**                                          **Status Conference Set For**

**Hartford Insurance Company of the Midwest**   06/23/16  @ 1:30 P.M.
*************************************************************************************

| Attorney for Petitioner or Pro Se | Attorney for Respondent or Pro Se |
|---|---|
| State Bar Number | State Bar Number |
| Address | Address |
| Phone Number | Phone Number |
| Fax Number | Fax Number |

*************************************************************************************
Briefly describe the case including any special characteristics that may warrant extended discovery or accelerated disposition. If complex or expedited track requested, explain why. Attach additional sheets if necessary.

Estimated time for Discovery _____      Estimated time for Trial _____

Level 1            Level 2            Level 3

Signature of Attorney or Pro Se Party: _____   Date _____

Only attorney(s) or Pro Se Party(ies) are to be present at Conference
You may submit a Docket Control Order in lieu of appearance at the status conference.

## Failure to appear at status conference may result in case being Dismissed for Want of Prosecution

**Please Fill Out and Return**

FILED

16 FEB 17 AM 11: 58

GAL...

STATE OF TEXAS              CERTIFIED COPY CERTIFICATE
COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Amanda Chatterton

**Dwight D. Sullivan**
**County Clerk Galveston County**

Filed
2/24/2016 8:08:21 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

## REQUEST FOR ISSUANCE OF SERVICE

Date Requested: 2/15/16

Galveston County - County Court at Law No. 3

Case Number: CV-0075791                Court: 3

Type of Instrument to be served: Plaintiff's Original Petition

#### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To: Hartford Insurance Company of the Midwest

Address of Service: 1999 Bryan Street Suite 900

City, State & Zip: Dallas, Texas 75201-3136

Agent (IF APPLICABLE) CT Corporation System

### TYPE OF SERVICE TO BE ISSUED

**Non Writs:**

- [x] Citation
- [ ] Alias Citation
- [ ] Pluries Citation
- [ ] Citation by Publication
- [ ] Secretary of State Citation
- [ ] Notice
- [ ] Precept
- [ ] Rule 106 Service
- [ ] Subpoena

**Writs:**

- [ ] Attachment (Person)
- [ ] Attachment (Property)
- [ ] Order of Sale
- [ ] Certiorari
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Temporary Restraining Order
- [ ] Possession (Person)
- [ ] Possession (Property)
- [ ] Abstract of Judgment
- [ ] Protective Order
- [ ] Scire Facias
- [ ] Sequestration
- [ ] Supersedeas
- [ ] Other (Please Describe)

#### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- [ ] Send to Sheriff
  Note: Citation(s) to be served by Constable will be RETURNED TO REQUESTOR to make arrangements to deliver and make payment for service directly with the Constable
- [x] Civil Process Server (Include the name of the Authorized Person to pick-up):
- [■] Call attorney for pick up (Phone Number): (409)-763-2454
- [ ] Mail to attorney at:
  (Please include a self addressed stamped envelope):
- [ ] County Clerk serve by certified mail

#### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: Douglas T. Godinich

Law Firm (if applicable): _____     Bar Number: 24007244

Address: 2127 Broadway
Galveston, TX 77550

Phone Number: (409)-763-2454   Email Address: dtlaw1@aol.com

***Service will only be issued upon payment of costs***

Date Fees Paid: _____   Amount: _____   Method of Payment: _____

Signature of Attorney Requesting service: _____

---

STATE OF TEXAS
COUNTY OF GALVESTON

#### CERTIFIED COPY CERTIFICATE

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.

DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Amanda Chatterton



CITATION

Filed
3/16/2016 11:03:32 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

DOCKET NO. CV-0075791

County Court at Law No. 3

Johnie Emery Maxey, Sr.

vs.

Hartford Insurance Company of the Midwest

THE STATE OF TEXAS
COUNTY OF GALVESTON

TO:   Hartford Insurance Company of the Midwest - may be served by serving:

CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX  75201-3136

GREETING:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after the date you were served this citation and petition, a default judgment may be taken against you. Said written answer may be filed by mailing same to: Galveston County Clerk's Office, 600 59th Street, Suite 2001, Galveston, Texas 77551-4180. The case is presently before Honorable Jack Ewing, County Court at Law No. 3 of Galveston County, at the Galveston County Justice Center in Galveston, Texas.

SAID PLAINTIFF'S ORIGINAL PETITION WAS FILED ON FEBRUARY 17, 2016, under DOCKET NO. CV-0075791, with the style of the cause being: Johnie Emery Maxey, Sr.   vs.   Hartford Insurance Company of the Midwest.
The name and address of the plaintiff or the attorney of record is: Doug T. Godinich, 2127 Broadway, Galveston, TX 77550. A copy of Plaintiff's Original Petition together with case information statement accompany this citation and are made a part hereof.

If this citation is not served, it shall be returned unserved.

ISSUED UNDER MY HAND AND SEAL OF OFFICE, at Galveston, Texas, on this, the 25th day of February, 2016.

Dwight D. Sullivan, Galveston County Clerk
County Court at Law No. 3
Galveston County, Texas

By   /s/  *Amanda Chatterton*        Deputy
         Amanda Chatterton

OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___.M., and executed in _____ County, Texas, by delivering to each of the within named Person a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying true and correct copy of the Plaintiff's Original Petition, at the following times and places, to-wit:

| Name | Date | Time | Place |
|------|------|------|-------|
|      |      |      |       |

FEES - Serving                          Name of Officer or Authorized Person

AMOUNT $_____          _____, County, Texas

                                             By _____, Deputy

Authorized Person's Verification:
On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
Sworn to and subscribed before me on this, the _____ day of _____, 20___.

                                      Notary's Name Printed: _____
Notary Public
In and For the State of Texas        Commission Expires: _____

STATE OF TEXAS
COUNTY OF GALVESTON                CERTIFIED COPY CERTIFICATE

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
         Amanda Chatterton

## AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Galveston**                    **At Law No. 3, County Court**

Case Number: CV-0075791

Plaintiff:
**Johnie Emery Maxey, Sr.**

vs.

Defendant:
**Hartford Insurance Company of the Midwest**

Received by AKA Litigation Support Services on the 2nd day of March, 2016 at 9:16 am to be served on **Hartford Insurance Company of the Midwest by delivering to CT Corporation System, its registered agent, 1999 Bryan Street, Suite 900, Dallas, TX 75201.**

I, Carlos Barrera, being duly sworn, depose and say that on the **2nd day of March, 2016 at 2:10 pm, I:**

Delivered to: **Hartford Insurance Company of the Midwest by delivering to CT Corporation System, its registered agent,** accepted by **Kaelen Johnson, Authorized To Accept,** a true copy of the **Citation - Plaintiff Original Petition,** with the date and hour of delivery endorsed thereon, at the address of **1999 Bryan Street, Suite 900, Dallas, Texas 75201** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, not a party to, nor have any interest in the outcome of the above numbered suit. I am certified under order of the Supreme Court of Texas to deliver citations and other notices.

On this day personally appeared affiant, known to me personally to be the person whose name is subscribed to the foregoing return and being by me duly sworn, declare under oath that the statements therein are true and correct.

**Carlos Barrera**
TX Cert:SCH5305 Exp:6/30/18

Subscribed and Sworn to before me on the 6th day of March, 2016 by the affiant who is personally known to me.

Our Job Serial Number: ESA-2016000244

NOTARY PUBLIC

NELLY ONDRUSEK
Notary Public, State of Texas
My Commission Expires
March 13, 2017

---

STATE OF TEXAS                    CERTIFIED COPY CERTIFICATE
COUNTY OF GALVESTON

The above is a full, true, and correct photographic copy of the original record now in my lawful custody and possession, as the same is recorded in the Official Public Records of County Court at Law No. 3 in my office.

I hereby certify on March 28, 2016.



DWIGHT D. SULLIVAN, County Clerk
Galveston County, Texas

By _____ Deputy
Amanda Chatterton

Filed
3/28/2016 7:38:06 AM
Dwight D. Sullivan
County Clerk
Galveston County, Texas

NO. CV-0075791

| | | |
|---|---|---|
| JOHNIE EMERY MAXEY, SR. | § | IN THE COUNTY COURT |
| | § | |
| V. | § | AT LAW NO. 3 |
| | § | |
| HARTFORD INSURANCE | § | |
| COMPANY OF THE MIDWEST | § | OF GALVESTON COUNTY, TEXAS |

**DEFENDANT HARTFORD INSURANCE COMPANY OF THE MIDWEST'S
ORIGINAL ANSWER**

Defendant Harford Insurance Company of the Midwest ("Hartford") files this Original Answer to Plaintiff's Original Petition and shows unto this Court as follows:

**A. General Denial**

1. Defendant Hartford generally denies the allegations contained in Plaintiff's Original Petition and requires that Plaintiffs prove their causes of action by a preponderance of the credible evidence.

**B. Prayer**

2. For these reasons, Defendant Hartford Insurance Company of the Midwest respectfully requests that Plaintiff takes nothing by his suit against Defendant Hartford, that Defendant Hartford be awarded its taxable costs of Court, attorney's fees, and that the Court grant such other and further relief to which it may be justly entitled.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
    WILLIAMS & AUGHTRY

By:     */S/ Christine Kirchner*___
        Christine Kirchner
        State Bar No. 00784403
        c.kirchner@chamberlainlaw.com
        Justin E. VandenBout
        State Bar No. 24060765
        justin.vandenbout@chamberlainlaw.com
        1200 Smith Street, Suite 1400
        Houston, Texas  77002
        Telephone (713) 658-1818
        Telecopy (713) 658-2553

        ATTORNEYS FOR DEFENDANT
        HARTFORD INUSRANCE COMPANY
        OF THE MIDWEST

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel in accordance with the Texas Rules of Civil Procedure 21 and 21(a) on this 28th day of March, 2016.

    Douglas T. Godinich
    Attorney at Law
    2127 Broadway
    Galveston, Texas 77550
    Tel: (409) 763-2454
    Fax: (409) 763-4309

        */s/ Justin E. VandenBout*_____
        Justin E. VandenBout

2108399_1